J. S21036/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ZACHARY O. McDONALD, | : | No. 241 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order December 1, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-1201521-1995

BEFORE:  STABILE, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:           **FILED MAY 31, 2019**

Zachary McDonald appeals from the December 1, 2017 order dismissing as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows:  On March 20, 1997, a jury found appellant guilty of second-degree murder, arson, two counts of aggravated assault, and three counts of recklessly endangering another person.[1]  These convictions stem from an incident whereby appellant intentionally set fire to his mother's couch after she refused to give him a cigarette, resulting in the death of a seven-year old boy and injuries to appellant's six-year old brother.  On

---

[1] 18 Pa.C.S.A. §§ 2502(b), 3301(a)(1), 2702(a)(1), and 2705, respectively.

June 11, 1997, appellant was sentenced to a mandatory term of life imprisonment for second-degree murder and a consecutive aggregate term of 10 to 20 years' imprisonment for the remaining convictions. On October 24, 2000, a panel of this court affirmed appellant's judgment of sentence, and appellant did not seek allowance of appeal with our supreme court. *See* ***Commonwealth v. McDonald***, 767 A.2d 1110 (Pa.Super. 2000).

Appellant filed his first ***pro se*** PCRA petition on May 1, 2001, and counsel was appointed to represent him. Following the issuance of a Pa.R.Crim.P. 907(1) notice on October 22, 2002, the PCRA court dismissed appellant's petition without a hearing on November 25, 2002. Appellant's untimely appeal from that dismissal was quashed by this court on March 26, 2004, and our supreme court denied ***allocatur*** on November 30, 2004. ***See*** ***Commonwealth v. McDonald***, 850 A.2d 11 (Pa.Super. 2004), ***appeal denied***, 863 A.2d 1144 (Pa. 2004).

Following several unsuccessful attempts under the PCRA, appellant filed the instant PCRA petition, his fourth, with the assistance of counsel[2] on August 4, 2017. Appellant's petition asserted that the United States Supreme Court's recent decision in ***McWilliams v. Dunn***, ___ U.S. ___, 137 S.Ct. 1790 (2017), created a newly recognized constitutional right that rendered his instant petition timely and the PCRA court's dismissal of his third PCRA petition unlawful. (***See*** PCRA petition, 8/4/17 at 5-6.) Appellant filed an amendment

_____

[2] Appellant is represented by Cheryl J. Strum, Esq. ("PCRA counsel").

to his petition on August 21, 2017. On October 19, 2017, the PCRA court provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Rule 907. Appellant filed a response to the PCRA court's Rule 907 notice on November 3, 2017. Thereafter, on December 1, 2017, the PCRA court dismissed appellant's petition as untimely. This timely appeal followed on December 22, 2017.[3]

Appellant raises the following issue for our review:

> Whether the [PCRA c]ourt erred in not ordering the f-MRI and other testing recommended by Dr. Sadoff because [a]ppellant's family could not afford to pay for the testing all in violation of the due process clause of the Fourteenth Amendment as interpreted by the United States Supreme Court's decision in ***McWilliams v. Dunn***?

Appellant's brief at 1-2.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the

---

[3] On December 27, 2017, the PCRA court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on January 9, 2018, and the PCRA court filed its Rule 1925(a) opinion on June 15, 2018.

PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

Preliminarily, we must consider the timeliness of appellant's PCRA petition because it implicates the jurisdiction of this court and the PCRA court. ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, the record reveals that appellant's judgment of sentence became final on November 23, 2000, when the time period for filing a petition for allowance of appeal with our supreme court expired. ***See*** Pa.R.A.P. 1113(a) (stating, "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court sought to be reviewed"); 42 Pa.C.S.A. § 9545(b)(3). Accordingly, appellant had until November 23, 2001[4] to file a timely PCRA petition. Appellant's instant petition was filed on August 4, 2017, nearly 16 years past

---

[4] It is unclear from the record as to whether November 23, 2001, the day after Thanksgiving, constituted a court holiday.

the deadline and is patently untimely, unless appellant can plead and prove

that one of the three statutory exceptions to the one-year jurisdictional time-

bar applies.

The three statutory exceptions to the PCRA time-bar are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).

To the extent appellant attempts to invoke the new-recognized

constitutional right exception based on **McWilliams**, appellant's claim fails.

**McWilliams**, which was decided June 19, 2017, concerns the appointment of

an expert witness in the context of an indigent defendant needing assistance

"to prepare an effective defense based on his mental condition, when his

sanity at the time of the offense is seriously in question." **McWilliams**, 137

S.Ct. at 1793 (emphasis omitted), quoting **Ake v. Oklahoma**, 470 U.S. 68,

70 (1985). In **McWilliams**, the United States Supreme Court extended its

holding in *Ake*, which required states to provide indigent defendants with the assistance of a psychiatrist in order to prepare a trial defense of incompetency, where the accused makes a preliminary showing that his impaired mental state at the time of the offense is likely to be a significant factor at trial. *Ake*, 470 U.S. at 86-87. Specifically, the *McWilliams* Court held that the State of Alabama's obligation under *Ake* was not discharged where the defendant had the occasional help of a volunteer psychiatrist who was not sufficiently available to the defense and recommended further psychiatric evaluation of the defendant. *McWilliams*, 137 S.Ct. at 1800-1801.

Upon review, we find that appellant's reliance on *McWilliams* is inapposite and his claim fails to satisfy any exception to the time-bar. Neither *McWilliams* nor any other decision of the Pennsylvania or United States Supreme Courts recognizes the right to the assistance of a psychiatric expert in post-conviction proceedings. On the contrary, our supreme court has rejected the notion that *Ake*, and by logical extension *McWilliams*, should be extended to PCRA proceedings. *See Commonwealth v. Paddy*, 15 A.3d 431, 470 (Pa. 2011) (finding *Ake* inapplicable to petitioner's request for psychiatric/psychological assistance in PCRA proceeding because "*Ake* only applies to the guilt and penalty phases of trial."). Nor has the Unites States Supreme Court expressly held that *Ake* and *McWilliams* apply retroactively to cases on collateral review.

Moreover, as properly recognized by the PCRA court in its opinion,

[Appellant's] claim in the instant petition was effectively an extension of his third petition . . . However, as **McWilliams** does not apply to [appellant's] case, and has not been held to apply retroactively to cases on post-conviction review, the instant petition was untimely and this Court lacked jurisdiction to entertain the merits of his claim.

. . . .

From the outset, **McWilliams** was clearly distinguishable from [appellant's] case. **Ake** and **McWilliams** explicitly address a defendant's pretrial and trial rights concerning the preparation and presentation of a defense based on the accused's mental state **at the time of the offense**. Where a petitioner seeks to present evidence of his state of mind at a **different** time (e.g., during the period to file a timely PCRA petition), or for the purpose of seeking post-conviction relief unrelated to whether he was provided the assistance in preparing and presenting a **trial defense** to which **Ake** entitles him, neither **Ake** nor **McWilliams** applies. [Appellant] neither alleged nor proved, in either the instant petition or in his third petition, that his mental state **at the time of his crime** was such that he could have presented a **trial** defense based on that mental condition. [Appellant] also never asserted that he established the threshold criteria discussed in **Ake** at any time before his trial, which would have entitled him to state-subsidized psychiatric assistance in preparing and presenting such a defense. Instead, [appellant] only clearly alleged that he was mentally incompetent during the time period in which he could have filed a timely PCRA petition, and only alleged this in support of his argument that he should be permitted to meet the timeliness exceptions to the PCRA. **Ake** provides no support to [appellant's] argument that the Commonwealth of Pennsylvania was obligated to pay for additional mental health testing to determine whether he was incompetent during the relevant filing period for post-conviction relief, nor does **McWilliams** provide such support.

PCRA court opinion, 6/15/18 at 7-10 (emphasis in original; footnotes omitted).

Based on the foregoing, we agree with the PCRA court that appellant has failed to satisfy the newly recognized constitutional right exception to the PCRA time-bar. *See* 42 Pa.C.S.A. §9545(b)(1)(iii). Accordingly, we discern no error on the part of the PCRA court in dismissing appellant's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/19